UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14035-CR-MAYNARD

UNITED STATES OF AMERICA

v.

FRANCISCO FRANCISCO-MATEO,

Defendant.

_____/

## FACTUAL PROFFER

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and Francisco FRANCISCO-MATEO, hereinafter "the defendant", together with his counsel, admits if this case were to proceed to trial, the government would be able to prove the allegations contained within the Information, which charges the defendant with resisting, opposing, impeding, or interfering with a federal officer, in violation of Title 18, United States Code, Section 111(a)(1). The defendant, together with his counsel, further admits that if this case were to proceed to trial, the government would be able to prove the following facts, among others, beyond a reasonable doubt. The defendant also stipulates that those allegations, elements of the crime, and the following recitation of the facts shall constitute the underlying factual basis for the entry of a plea of guilty in this case:

1.     On May 26, 2025, Florida Highway Patrol (FHP) Trooper John Petrofsky conducted a traffic stop on a work truck labeled "CHOO MJM LAWN" in Martin County, in the Southern District of Florida. Trooper Petrofsky identified himself to the three occupants and began conducting a commercial motor vehicle safety inspection.  Trooper Petrofsky asked for identification from the three occupants, at which time the driver provided a temporary Florida

driver license, and the front passenger provided a Guatemalan ID card. The passenger sitting on the passenger side of the rear seat, later identified as the defendant, did not provide identification. All three occupants told Trooper Petrofsky that they are from Guatemala. Trooper Petrofsky contacted ICE Deportation Officer Andersson for assistance.

2.      Deportation Officer Andersson arrived on scene and approached the passenger side of the truck, near Trooper Petrofsky. As Deportation Officer Andersson identified himself, the defendant removed his seat belt and quickly moved towards the rear driver side door. Officer Andersson rushed around the front of the vehicle to stop the defendant. At that time, ICE Deportation Officer Blumsack arrived and covered the driver side of the vehicle. Deportation Officer Andersson returned to the passenger side of the vehicle.

3.      Trooper Petrofsky repeatedly ordered the defendant to open the door and to come out of the vehicle. At first, the defendant kept the rear passenger door locked, and made several movements throughout the cabin. Then, the defendant unlocked the rear passenger door. As Trooper Petrofsky opened the door, the defendant moved away and tried to climb to the front driver side of the vehicle. Trooper Petrofsky entered the vehicle and physically removed the defendant.

4.      As the defendant was removed from the vehicle, the officers attempted to gain physical control of the defendant, but he continued to resist their lawful commands, and began swinging his elbows. The two deportation officers, the trooper, and the defendant, all fell to the ground. The defendant continued to resist, despite several commands to "stop moving."

5.      Trooper Petrofsky stood up, created distance, and drew his taser as the defendant and both deportation officers returned to their feet. Then, Trooper Petrofsky deployed his taser, causing the defendant to fall back onto the ground. The defendant thwarted the officers' efforts to place him in handcuffs by trying to get back up onto his feet. Trooper Petrofsky deployed his taser

2

again.  The defendant continued to keep his hands tucked under his body.  As officers gained control of the defendant's wrists, he grabbed the officer's handcuffs and held onto the officer's hand.  The officers eventually placed the defendant in handcuffs after additional taser deployments.

6.      As a result of the encounter, Deportation Officer Andersson suffered wounds on his right forearm and abrasions on both knees and shins.  Deportation Officer Blumsack suffered a scratch on his right forearm and abrasions on his left wrist and left hand.

- SPACE LEFT INTENTIONALLY BLANK -

7.    The parties agree that these facts, which do not include all the facts known to the government and the defendant, are sufficient to prove the elements of the following offenses beyond a reasonable doubt:

<u>Count 1: Resisting, opposing, impeding, or interfering with a federal officer</u>

**First:**        The defendant knowingly and forcibly resisted, opposed, impeded, or interfered with a federal officer, employee, or person assisting a federal officer or employee; and

**Second:**     the defendant did so while the federal officer or employee was engaged in, or on account of his official duties.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: _8/20/25_                 By: _____
                                CHRISTOPHER H. HUDOCK
                                ASSISTANT UNITED STATES ATTORNEY

Date: _8/20/25_                 By: _____
                                KAFAHNI NKRUMAH
                                ATTORNEY FOR DEFENDANT

Date: _8/20/25_                 By: _____
                                FRANCISCO FRANCISCO-MATEO
                                DEFENDANT

I_____ hereby certify that ~~this document~~ has been

translated to the defendant from English to _____.

Date: _____        By: _____

                                SPANISH INTERPRETER

4